## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE ANTHONY ZOBJECK, | ) |
| | )   Chapter 13 |
| Debtor. | )   Case No. 23-06974 |
| | )   Judge Deborah L. Thorne |
| | ) |

## <u>MEMORANDUM OPINION</u>

Glenn Stern, Chapter 13 Trustee, moved to modify the confirmed chapter 13 plan filed by Anthony Zobjeck to include the unliquidated claim (Claim) for post-confirmation personal injury from a motor vehicle accident.  Mr. Zobjeck filed an objection and this court now considers whether modification is warranted.  After reviewing the parties' pleadings, Mr. Zobjeck's testimony, and arguments of counsel, the court denies the Trustee's motion without prejudice.

### Background

The Debtor filed a petition seeking relief under chapter 13, and a plan was confirmed several months later.  The confirmed plan provided payments in the amount of $350 each month for 60 months resulting in payments of 10% to each unsecured creditor on account of their claims. At confirmation, the court found that if the Debtor's assets were liquidated, creditors would receive approximately $4,000, but under the confirmed plan will receive $21,000.

After the post-confirmation injury, the Debtor amended his schedules to disclose the Claim and hired an attorney to assist in pursuing the Claim.  He also amended his list of exemptions to exempt the Claim in the amount of $15,000, the Illinois exemption for personal injury claims. (Dkt. #22).  It is not known whether the Claim has any monetary value beyond the exemption.

The Trustee moved to modify the chapter 13 plan to require any non-exempt proceeds of the Claim be paid to the Trustee for the benefit of unsecured creditors (Dkt. #27).

## Discussion

### A.  The Court is not Required to Approve Modification

The bankruptcy court holds the discretion to determine whether modification should be approved.  Section 1329(a) provides, "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan *may* be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim." 11 U.S.C. § 1329 (emphasis added).  The use of the word "may" in section 1329(a) gives the court discretion to modify the plan.[1] *Matter of Witkowski*, 16 F.3d 739, 746 (7th Cir. 1994); *In re DeRoo*, 650 B.R. 561, 564 (Bankr. N.D. Ill. 2023).

The Trustee, as movant, bears the burden of demonstrating by a preponderance of the evidence[2] that modification is warranted.  *In re Brown*, 332 B.R. 562, 564 (Bankr. N.D. Ill. 2005); *In re Wetzel*, 381 B.R. 247, 254 (Bankr. E.D. Wis. 2008).  He must show that the proposed modification meets the provisions of the Code, including that it can feasibly be completed within 60 months and that it will increase the amount to be paid to creditors.  Other than the limitations contained in section 1329(a), the court is not bound by other specific limitations.  *Germeraad v. Powers*, 826 F.3d 962, 971 (7th Cir. 2016).  Modification may be approved when circumstances have changed, such as the debtor having more or less income, resulting in changes in the ability to pay.  But, where the proposed modification does not markedly improve the distribution to creditors, there is no reason to approve the modification. *In re Wetzel*, 381 B.R. at 251; *Conte v.*

---

[1] "The word 'may,' when used in a statute, usually implies some degree of discretion. This common-sense principle of statutory construction is by no means invariable . . . and can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute." *United States v. Rodgers*, 461 U.S. 677, 706 (1983).  The court does not find that these exist in this instance.

[2] *See Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991) ("Because the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless 'particularly important individual interests or rights are at stake.'").

*Hill*, No. 24-10264, 2025 WL 2179249 (11th Cir. August 1, 2025) (modification was not warranted even though debtors received compensation for injuries, the compensation would not pay a meaningful increase in payments to creditors).

Thus, this court retains the discretion to enter an order either granting or denying the proposed modification after analyzing the Code requirements in section 1329 and weighing the impact the modification would have on the creditors and the debtor, as explained below.

**B.  Modification Does Not Reset the Best Interest Test**

In his Amended Brief in Support of Motion to Modify Plan, the Trustee asserts that under 1329(b)(1),[3] "all of the requirements of 1325(a)(4) apply to any request for plan modification." (Dkt. #34) and that a new liquidation analysis is necessary to determine whether modification is merited.  While section 1325(a)(4) requires that a chapter 13 plan not be approved unless "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date," that is not the case with a modification. *In re Trombetta*, 383 B.R. 918, 924 (Bankr. S.D. Ill. 2008); *In re Buettner*, 625 B.R. 78, 80 (Bankr. E.D. Wis. 2021).

This court agrees with the Trustee that modification under section 1329 requires the modification to comply with all aspects of the Code, including the liquidation analysis.  This, however, does not alter the timing of that analysis, which must be done on the effective date of the confirmed plan—the date the original plan is confirmed.  The Code does not require a second effective date or a new liquidation analysis at the time of modification.  If the Code referenced

---

[3] "Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section." 11 USCS § 1329

"effective dates," then the Trustee might have an argument, but as Congress drafted this section, there can only be one effective date of the plan and that is the date of confirmation. *In re Forbes*, 215 B.R. 183, 186 (B.A.P. 8th Cir. 1997) ("The effective date is not altered by modification of the plan, for the modified plan remains, ever constant, the plan.").

The Supreme Court in *Hamilton v. Lanning* explained that the effective date in chapter 13 plans is the original date of confirmation.[4]  Section 1325(a)(4) requires the court to run the best interest of the creditors test "*as of the effective date of the plan.*" 11 U.S.C. 1325(a)(4) (emphasis added).  That date is the date the bankruptcy court confirms the original plan, not the date of modification. *Hamilton v. Lanning,* 560 U.S. 505, 518 (2010).

Given that the Supreme Court has identified the date of confirmation as the effective date, there is no need to look further.[5]  Courts examining this issue within the Seventh Circuit have held that modification does not change the effective date of the plan. *In re Gaddy*, No. 16 B 25958, 2020 WL 6554919, at *2 (Bankr. N.D. Ill. July 31, 2020) ("The effective date of [Debtor's] plan is October 5, 2016. Its subsequent modification on September 11, 2017, did not move the effective date.").[6]  For the Chapter 13 Trustee to argue that a new liquidation analysis must be done at the time of modification ignores the plain language of section 1329(a)(1) and *Lanning.*

---

[4] In *Lanning,* the Supreme Court held that under section 1327(a), "[t]he 'effective date of the plan' . . . is the date on which the plan is confirmed and becomes binding."  Nowhere in the Code does Congress discuss multiple "effective dates" and this court does not believe that Congress has drafted the Bankruptcy Code to provide for multiple "effective dates."

[5] Even so, this court recognizes that other circuits have found that modification resets the effective date of the plan.  Courts in the First Circuit have held that "the best interest or liquidation value test of § 1325(a)(4) is applied as of the effective date of the plan as modified." *In re Barbosa*, 236 B.R. 540, 552-56 (Bankr. D. Mass. 1999).  Courts in the Sixth Circuit have found similarly that "the appropriate date for performing the liquidation analysis required by §§ 1329(b) and 1325(a)(4) is the effective date of the modified plan." *In re Scholl*, 605 B.R. 163, 185 (Bankr. S.D. Ohio 2019).  This court does not adopt their analysis.

[6] Other courts, not binding here, have found that the liquidation test does apply to modification of a plan, but that property acquired post-petition, as would be the case here if Mr. Zobjeck received anything from his personal injury claim, is not included in that test. *See In re Adams*, 654 B.R. 703, 712 (Bankr. M.D.N.C. 2023) ("[T]he liquidation test is applied as of the date of confirmation of the modified plan, but that property acquired post-petition is not included in the best interests calculation."); *In re Taylor*, 631 B.R. 346, 353-54 (Bankr. D. Kan. 2021) (rejecting Trustee's motion to modify plan after Debtor received settlement from personal injury claim because although "the

## C. **The Proposed Modification fails to meet the minimum standards for modification Under Section 1329(a)**

Under section 1329, the court may modify when there is an increase or reduction in the amount of payments on claims but is not compelled to modify due to a *potential* increase in the amount of payments.

Congress did not make modification mandatory, but discretionary, based upon the debtor's ability to pay more or less to his creditors. If Congress wished to make modification *mandatory* when a debtor's circumstances have changed such that the liquidation test must be recalculated, then Congress would have stated that, but it did not. *Germeraad,* 826 F.3d at 974. Modification is not required and certainly not for a claim that is at the most contingent.[7]

An unknown, unfiled potential personal injury claim with no definite value is not sufficient evidence for this court to modify Mr. Zobjeck's plan now. The Trustee has provided no evidence stating that Mr. Zobjeck's personal injury claim would increase his ability to pay, only his belief that it will. (Dkt. #34). Speculation is not a sufficient reason to modify this plan. In the event that the situation does change, the court will review a new motion to modify, but until then, the possibility of a future increase does not merit modification.

Finally, the Trustee is willing to allow Mr. Zobjeck's chapter 13 case to remain open to see whether the Claim is liquidated even if this occurs outside of the 60 month plan. There is no certainty that Mr. Zobjeck's claim has value or will be liquidated within the 32 months remaining

---

effective date of the plan for application of the best interest test is the date of the amended plan . . . Debtor's postpetition personal injury claim did not exist on the date of filing; its proceeds would not be available to a chapter 7 trustee, and are excluded from the best interest test calculation.").

[7] The Trustee cites *In re Lugo*, 2020 WL 1817853, at *1 (Bankr. N.D. Ill. Mar. 12, 2020), a case decided by a colleague where the court allowed a modification of a 36-month plan after a post-confirmation automobile accident. Similar to this case, the modification was sought even though the claim was merely contingent, and no one knew whether it would manifest into an increase in the ability to make payments to creditors. This court respectfully disagrees with the *Lugo* court's conclusion which may have been shaped by the fact that the plan was only one for 36 months.

5

on his plan. If the case does not resolve within 32 months and the court enters an order now modifying the plan based on the Claim with an unknown value, then Mr. Zobjeck will be in chapter 13 bankruptcy beyond 60 months.

Congress specifically stated in section 1329(c) that the court may not approve a modification that extends beyond five years. Without a crystal ball, no one, including the Trustee, knows the amount of the Claim or if there is even any value. The Trustee argues that under *Geremeraad,* it would be proper to order modification to include the unliquidated and contingent claim even if payments extend beyond 60 months. This reading of *Geremeraad* is distorted as the Seventh Circuit's holding allowed a grace period to complete known payments on a previously confirmed plan where the exact amount of payments was known. What the Trustee suggests is that this court modify a plan to include an unliquidated and contingent claim that may still have an unliquidated value at 60 months and require Mr. Zobjeck to remain a chapter 13 debtor for longer than five years. This seeks an order that this court may not enter without violating section 1329(c).

Until Mr. Zobjeck's claim is reduced to an actual value beyond the Illinois exemption, there is no need to modify the plan. Once the claim is liquidated, the Trustee is not precluded from filing a motion, and the court will consider whether the claim sufficiently and meaningfully increases Mr. Zobjeck's ability to pay creditors under the plan.[8]

### Conclusion

The court denies the motion to modify based upon the contingent nature of the post-confirmation personal injury claim. There is simply no authority to reset disposable income post-

---

[8] The Trustee and Debtor discussed whether and if the Claim is liquidated and payable beyond the 60 months of the confirmed plan, it could be paid. The court is not ruling on this because it is only speculation at this point. Congress has provided that under section 1329(c), a chapter 13 plan may not extend beyond 60 months. 11 U.S.C. 1329(c); and *see In re Grant*, 428 B.R. 504, 508 (Bankr. N.D. Ill. 2010) ("It is black letter law that a modification proposed under section 1329(a) cannot contain a plan term that extends beyond 60 months."). "Congress' intent in limiting the time span of a Chapter 13 plan was to protect debtors from a form of involuntary servitude." *In re Henry*, 368 B.R. 696, 701 (N.D. Ill. 2007). The court need not decide this issue now.

confirmation or perform a new liquidation analysis in the manner requested by the Trustee here. Although the Trustee says that he is not seeking to recalculate the Debtor's disposable income, that is exactly what his Motion to Modify requests, and the effort must be rejected regardless of how the Trustee characterizes the endeavor.

In his brief, the Trustee suggests that an injustice will occur if he is limited in his ability to compel increased payments while debtors maintain the right to move to amend their plans to decrease payments when they lose their jobs or sources of income.  Debtors do not, however, have an unfettered right to modify their plans, and this court has not granted motions from debtors to modify under section 1329(a) when a debtor speculates that income may be reduced.  The court is certain that the Trustee would object strenuously to any such motion.  Debtors who move to modify their confirmed plans bear the burden of proof just as the Trustee does in this Motion, and a debtor must establish entitlement to any requested modification based on all the statutory tests discussed above.  *In re Kearney,* 439 B.R. 694, 696–97 (Bankr.E.D.Wis.2010).  Further, even if there is some merit to the Trustee's concerns, the remedy for the problem, if one is needed, should not come from this Court reading something into the statute that is simply not there.  The Trustee's Motion to Modify is denied without prejudice.

Dated:  11/5/2025

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge